UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| JERMAINE T. MCKELVEY, | ) | C/A No.: 4:16-cv-0541-MBS-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| WARDEN, CECELIA REYNOLDS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Jermaine T. McKelvey (Petitioner), appearing *pro se*, filed his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 19,

2016. (Doc. #1). Respondent filed a motion for summary judgment on July 8, 2016,

along with a return and memorandum. (Docs. #23 and #24). The undersigned issued

an order filed July 11, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), advising Petitioner of the motion for summary judgment procedure and the

possible consequences if he failed to respond adequately. (Doc. #25). On July 18,

2016, Petitioner filed a motion for extension of time to file a response. The motion

was granted, and Petitioner was given until September 1, 2016, to file a response or

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

his case may be dismissed pursuant to Rule 41 of the FRCP. Petitioner failed to file a response.

## RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)    the degree of plaintiff's responsibility in failing to respond;

(2)    the amount of prejudice to the defendant;

(3)    the history of the plaintiff in proceeding in a dilatory manner; and,

(4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to

respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

However, in the alternative, it is recommended that Respondent's motion be granted and the petition dismissed based on the merits as discussed below.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in the memorandum has not been disputed as Petitioner did not file a response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently incarcerated in Lee Correctional Institution pursuant to an order of commitment from the Clerk of Court of Berkeley County. Petitioner was indicted at the February 2009 term of the Berkeley County Grand Jury for one count of Assault and Battery with Intent to Kill and one count of Possession of a Firearm During the Commission of a Violent Crime; and during the April 2009 term of the Berkeley County Court of General Sessions for one count of Armed Robbery and one count of Possession of Crack Cocaine. Petitioner was represented by Chad Shelton and David Schwacke, Assistant Public Defenders for Berkeley County. (App. 1-441). The State was represented by Assistant Solicitors Dorie Bigante and Ann Williams, both of the Ninth Judicial Circuit Solicitor's Office. Id.

On April 12-14, 2010, Petitioner was tried by a jury on all of the charges before the R. Markley Dennis, Jr., Circuit Court Judge.  Id.  On April 14, 2010, the jury found Petitioner guilty of all four charges. Judge Dennis sentenced Petitioner to one year confinement for the possession of crack cocaine conviction, five years confinement for the possession of a firearm during the commission of a violent crime conviction, twenty-seven years confinement for the armed robbery conviction, to be served consecutively to the firearm sentence; and twenty years confinement for the assault and battery with intent to kill conviction, to be served concurrently with the sentence for the armed robbery conviction. (App. 440-41).

**Direct Appeal**

Petitioner timely served and filed a Notice of Appeal on or before April 23, 2010. (See Attachment #3).  On appeal, Petitioner was represented by Kathrine H. Hudgins, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (See App. 740-49).  Petitioner's appeal was perfected with the filing of a Final Anders Brief of Appellant.  (App. 740-49). In the Anders Brief, the following issue was raised:

> Did the trial judge commit reversible error, based on State v. Belcher, when, in charging the jury on the law of assault and battery with intent to kill [ABIK], he instructed the jury that "inferred malice may also arise when the deed is done

4

> with a deadly weapon" when evidence was presented that
> would reduce the ABIK to assault and battery of a high and
> aggravated nature [ABHAN] and the judge instructed the
> jury on the law of the lesser included offense of ABHAN?

(Tr. 743).

In an unpublished opinion filed March 7, 2012, the South Carolina Court of Appeals dismissed the appeal. (Attachment #5). In the opinion, the Court of Appeals noted Petitioner appealed his convictions for "assault and battery with intent to kill, possession of a firearm during the commission of a violent crime, armed robbery, and possession of cocaine base, arguing the trial court erred by improperly instructing the jury that malice may be inferred from the use of a deadly weapon." (Id.). The Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (Id.).

Petitioner filed a *pro se* Petition for Rehearing. (Attachment #6). In the Petition, he presented two arguments. First, Petitioner contended the Court of Appeals erred "in its decision to dismiss Appellants' appeal, failing to give adequate consideration to controlling precedent state law?" (Id.). Second, he asserted "[w]as the Court of Appeals unfairly prevented from giving adequate consideration to a meritorious constitutional claim of equal protection by and through appellate counsels' decision to file a Final Anders Brief in limited representation of Appellant?"

By Order filed April 13, 2012, the South Carolina Court of Appeals denied the Petition for Rehearing. (Attachment #7). The Remittitur was issued on February 26, 2013. (Attachment #8).

**PCR**

On April 23, 2012, Petitioner filed an Application for Post-Conviction Relief asserting he was denied his Sixth Amendment right to effective assistance of counsel, his Fifth Amendment right to a fair trial, and his Fourteenth Amendment rights to due process and equal protection. (App. 443 -74).

On May 28, 2013, Petitioner filed an Amended Application for Post-Conviction Relief. (App. 476-78). In the amended Application, Petitioner presented several claims of ineffective assistance of trial counsel. First, he contended counsel failed to object to the inference of malice charge given by the trial judge. (App. 476). Second, he asserted counsel failed to object to the testimony of the MUSC nurse (Cindy Fuda) that the alleged victim Mr. Phoenix sustained a gunshot wound. Id. There was no evidence in the record to establish that she was properly qualified to make this conclusion. Id. Third, he claimed counsel failed to object to the introduction of the bullet jacket found at the scene as evidence. Id. There was nothing in the record to establish that the police officer had the expertise to conclude that the jacket found was actually from the bullet fired. Id. He also

was allowed to testify to his conclusion as to the bullet's trajectory without a showing that he had any expertise in this area. Id. Trial counsel should have objected when officer testified he picked up the jacket of a bullet that he said passed through victim and landed in wall. Id. Also, the SLED report stated bullet jacket fragment could have been fired by gun in evidence or by another firearm. Id.

Fourth, Petitioner argued counsel failed to impeach witnesses based on their prior convictions. (App. 476). Fifth, he averred counsel failed to inform Petitioner he was not calling any witnesses on his behalf. Id. Sixth, Petitioner contended counsel failed to adequately investigate the facts and circumstances surrounding the injury to the victim. (App. 477). Counsel's failure to conduct such an investigation deprived the jury of critical information relevant to the accurate assessment of Applicant's guilt or innocence. Id. Lastly, Petitioner asserted counsel failed to investigate, develop, and present all available, relevant, and admissible mitigating evidence. Id. As a result of counsel's failure to uncover and present this evidence, Petitioner's sentence was unreliable. Id.

On May 9, 2014, Petitioner filed another Amended Application for Post-Conviction Relief, adding more than thirty-five claims to the other two applications. (App. 479-85). The State served its Return on June 28, 2013. (App.

7

486-91).

An evidentiary hearing in this PCR action was held before the Honorable Deadre L. Jefferson, Circuit Court Judge, on May 19, 2014. (App. 492-646). Petitioner was present and was represented by Dennis J. Rhoad. Id. The State was represented by Assistant Attorney General Ashleigh R. Wilson. Id. The PCR Court filed its Order of Dismissal on June 3, 2014. (App. 696-739).

## PCR APPEAL

Petitioner appealed the PCR court's order of dismissal by filing a petition for writ of certiorari in the Supreme Court of South Carolina. Petitioner was represented by Lanelle Cantey Durant, Appellate Defender with the South Carolina Commission on Indigent, Division of Appellate Defense. (Attachment #10). Petitioner raised the following issue:

> Did the PCR court err in failing to find trial counsel ineffective for not objecting to the trial judge's jury charge on assault and battery with the intent to kill (ABWIK) when he instructed the jury that "inferred malice may also arise when the deed is done with a deadly weapon" which was error pursuant to State v. Belcher because evidence was presented which would reduce the ABWIK to assault and battery of a high and aggravated nature (ABHAN) as evidenced by the judge instructing the jury on ABHAN as a lesser-included offense?

(Id.).

The State filed a Return to Petition for Writ of Certiorari. (Attachment #11).

By Order filed October 12, 2015, the South Carolina Supreme Court denied the

Petition for Writ of Certiorari.   (Attachment #12).  The Remittitur was issued on

October 28, 2015.   (Attachment #13).


## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition:

GROUND ONE:             Ineffective assistance of counsel, Petitioner
                        was denied the effective assistance of
                        counsel at trial. In violation of the 6th, 5th, and
                        14th amendment rights

Supporting facts:       See Attach/ Exhibit (4), and Attachment/
                        Exhibit (5), pg (3X^) Allegations.
                        Applicant was denied the right to effective
                        assistance of counsel guaranteed by the
                        sixth and fourteenth amendments to the
                        United States Constitution and by Art. l,
                        3,&14 of the South Carolina Constitution
                        during the guilt-or-innocence phase at his
                        trial.  The Supporting Facts are as follows:
                        Trial counsel's performance during the
                        guilt or innocence phase was both
                        unreasonable and prejudicial.  Counsel's acts
                        or omissions included, but are not limited to
                        the following: See Attach. (A-E),(2-3) of
                        Amended Application

GROUND TWO:             Ineffective assistance of counsel, Petitioner
                        was denied effective of counsel at trial in
                        violation of 6th, 5th,&14th Amendment rights

Supporting facts:       See Attach. Exhibit (4) and Attach. Exh. (5)

9

Pg 3-6- Allegations. Applicant was denied the right to effective assistance of counsel guaranteed by the Sixth and fourteenth Amendments to the United States Constitution and by Article l,3,&14th of the South Carolina Constitution during the guilt or innocence phase of his trial. The Supporting Facts are as follows: Trial Counsel's performance during the guilt or innocence phase was both unreasonable and prejudicial. Counsel's acts or omissions included, but are not limited to the following: See Attach. (A-E), (2-3) of Amended Application

GROUND THREE:      Ineffective assistance of counsel, Petitioner was denied effective assistance of counsel at trial in violation of his 6th, 5th, and 14th amendment rights.

Supporting facts:      See Attach/ Exhibit (A) and attach. Exhibit (5) pg. 3- 6 allegations. Applicant was denied the right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the United States Constitution and by Article 1.3 & 14 of the South Carolina Constitution-During the guilt-or-innocence phase of his trial. The supporting facts areas follows: Trial counsel's performance during the guilt or innocence phase was both unreasonable and prejudicial. Counsel's acts or omissions included, but are not limited to the following: See Attach. (A-E), (2-3) of Amended Application

GROUND FOUR:      Ineffective assistance of counsel, Petitioner was denied effective assistance

of counsel at trial in violation of 6th, 5th, & 14th amendment rights

Supporting Facts:    See Attach/ Exhibit (4) and Attach? Exhibit (5) pg 3- 6 allegations. Applicant was denied the right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the United States Constitution and by Art. 1,3, &14 of The South Carolina Const. - during-the guilt-or- innocence, phase, of his trial. The supporting facts as follows: Trial Counsel's performance during the guilt or innocence phase was both unreasonable and prejudicial. Counsels acts or omissions included, but are not limited to the following: See Attach./(A-E), (2-3) of Amended Application

(Habeas Petition) (errors in original).

## **STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can

the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am.,

977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." <u>Mitchell v. Data General Corp.</u>, 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." <u>Id.</u> at 322; <u>see</u> <u>also</u> <u>Cray Communications, Inc. v. Novatel Computer Systems, Inc.</u>, 33 F.3d 390 (4th Cir. 1994); <u>Orsi v. Kickwood</u>, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## <u>STANDARD OF REVIEW</u>

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court

> shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass

14

of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

<u>Reed v. Ross</u>, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice"

resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## **ANALYSIS**

Respondent asserts Petitioner is attempting to raise each claim that was raised in the state PCR action. Therefore, Respondent addressed the grounds as Grounds One and Two with subparts. The claims in Ground One consists of the claims listed in the PCR Court's Order of Dismissal as being raised in the first amended PCR application. The claims raised in Ground Two consists of the claims listed in the PCR Court's Order of Dismissal as being raised in the second amended application. (See PCR Order of Dismissal, App. 698-701). Petitioner has not refuted this description and designation of the claims raised. Therefore, this court will address the claims as designated by the Respondent.

16

Respondent argues that all of Petitioner's grounds except Grounds One(a), Two (a) and (s) are procedurally defaulted. As Petitioner has not responded to Respondent's motion, he has not disputed the argument that all grounds except Grounds One (a) and Two (a) and (s) are procedurally barred from federal habeas review.

Even though the claims raised in the petition were raised to the PCR Court and ruled upon by the PCR Court, the only issue raised in the petition for writ of certiorari was as follows:

> Did the PCR court err in failing to find trial counsel ineffective for not objecting to the trial judge's jury charge on assault and battery with the intent to kill (ABWIK) when he instructed the jury that "inferred malice may also arise when the deed is done with a deadly weapon" which was error pursuant to State v. Belcher because evidence was presented which would reduce the ABWIK to assault and battery of a high and aggravated nature (ABHAN) as evidenced by the judge instructing the jury on ABHAN as a lesser-included offense?

(Petition for Writ of Certiorari, Doc. #23-12)(errors in original).

Since Petitioner did not properly present the claims raised in his habeas petition, except Ground One (a) and Ground Two (a) and (s), to the South Carolina appellate courts in a procedurally viable manner, the state courts would find any attempt to raise these claims now to be procedurally improper. Therefore, all issues raised in the habeas petition, except Ground One(a) and Ground Two (a) and (s), are

procedurally barred from review in federal habeas corpus. See, e.g., Coleman v. Thompson, 501 U.S. 722 (1991) (issue not properly raised to state's highest court, and procedurally impossible to raise them now, is procedurally barred from review in federal habeas). Therefore, it is recommended that Grounds One (b), (c), (d), (e), (f), (g) and Ground Two (b)(i) and (ii), (c), (d), (e), (f), (g), (h), (I), (j), (k),(l),(m), (n), (o), (p), (q), (r), (t),(u), (v), (w), (x), (y), (z), (aa), (bb), (cc), (dd), (ee), (ff), (gg), (hh), and (hh)(i) be dismissed as they are procedurally barred from federal habeas review. Petitioner has not shown cause to overcome the default.[2]

**Ground One(a) and Ground Two(a) and (s)**

In Grounds One(a) and Ground Two (a) and (s), Petitioner asserts trial counsel erred by failing to object to the inference of the malice charge given by the trial judge. Respondent argues the PCR court denied relief upon this claim, and Petitioner cannot show the PCR Court's denial of relief was the result of either an unreasonable determination of the facts or an unreasonable application of federal law. Therefore, Respondent asserts summary judgment should be granted on these issues.

---

[2] The Martinez v. Ryan, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), exception does not extend to PCR appellate counsel. See e.g., Crowe v. Cartledge, No. 9:13–CV–2391–DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); Cross v. Stevenson, No. 1:11–CV–02874–RBH, 2013 WL 1207067 at *3 (D.S.C. Mar.25, 2013) ( "Martinez, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default.").

18

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the

19

Strickland analysis). In meeting the second prong of the inquiry, a complaining

defendant must show that he was prejudiced before being entitled to reversal.

Strickland requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional errors,
> the result of the proceeding would have been different. A
> reasonable probability is a probability sufficient to
> undermine confidence in the outcome.

Strickland, at 694.

In the Order of Dismissal, the PCR court held as follows:

### III. Inferred Malice Jury Charge

The Applicant alleges Counsel was ineffective for failing to
object to the trial court's instruction to the jury that malice
could be inferred from the use of a deadly weapon. This
Court finds the Applicant has failed to carry his burden of
proving Counsel was ineffective for failing to object to the
malice instruction given at trial. The Applicant alleges the
malice instruction given was improper pursuant to State v.
Belcher, 385 S.C. 597, 685 S.E.2d 802 (2009). In Belcher,
the Court held that instructing the jury that malice may be
inferred from the use of a deadly weapon in Murder or
Assault and Battery with Intent to Kill prosecution is no
longer proper where evidence is presented that would
reduce, mitigate, excuse, or justify the homicide. Id. at 600,
685 S.E.2d at 803-4. The Court also held that the
permissive inference charge concerning the use of a deadly
weapon remains a correct statement of the law where the
only issue presented to the jury is whether the defendant
has committed the Murder or Assault and Battery with
Intent to Kill. Id. at 612, 685 S.E.2d at 810.

This Court finds the malice instruction by the Court in the Applicant's trial was proper and Counsel had no basis to object to the jury instruction. This Court finds and the record reflects that, unlike the defendant in <u>Belcher</u>, the Applicant did not claim self-defense and no evidence was presented at trial that would reduce, mitigate, excuse or justify the Applicant shooting the victim. <u>See State v. Price</u>. 400 S.C. 110, 114-15, 732 S.E.2d 652, 654 (Ct. App. 2012) (malice inference instruction proper in ABWIK case where only uncontradicted evidence presented was that an assailant shot a victim at close range as the victim stood with his hands up, causing the victim serious injury and the only issue to determine was whether the defendant committed the crime). This Court also finds the malice instruction given was a correct statement of law since the Applicant maintained his innocence, presented no other defenses, and the only issue presented to the jury was whether the Applicant was in fact the assailant and committed the Assault and Battery with Intent to Kill.

This Court also notes that even if this jury instruction were improper, pursuant to <u>Belcher,</u> the Applicant still would not be entitled to post-conviction relief. In <u>Belcher</u>, the Court explicitly held "[o]ur ruling, however, will not apply to convictions challenged on post-conviction relief." <u>Id</u>. at 612-13, 685 S.E.2d at 810. Therefore, this Court finds Counsel's failure to object to the malice jury instruction given at trial did not result in deficient performance and Counsel's performance did not affect the outcome of the Applicant's proceeding.

(Doc. #23-17, pp. 22-23).

The PCR court found that the malice instruction by the trial court was proper, and trial counsel had no basis to object to the jury instructions. Based on the record, the PCR court held that, unlike the defendant in <u>Belcher</u>, Petitioner did not assert a

21

claim of self-defense and did not present any evidence that would reduce, mitigate, excuse, or justify him shooting the victim. Petitioner fails to present argument to the contrary. Also, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1); Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record as there is no argument of self-defense or other evidence that would reduce, mitigate, excuse or justify the alleged ABWIK. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. The PCR court's findings were not contrary to, nor did they involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The findings were also not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d)(1) & (2). Accordingly, it is recommended that Respondent's motion for summary judgment be granted as to Ground One(a) and Ground Two (a) and (s).

## CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be

dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice. Alternatively, it is RECOMMENDED that Respondent's motion for summary judgment (document #24) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
September 19, 2016                     Thomas E. Rogers, III
Florence, South Carolina              United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice.**