IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermaine T. McKelvey, ) | |
| ) | C/A No. 4:16-541-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden, Cecelia Reynolds, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Jermaine T. McKelvey is an inmate in custody of the South Carolina Department of Corrections who currently is housed at the Lee Correctional Institution in Bishopville, South Carolina. This matter is before the court on petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. ECF No. 1. The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996.

I. FACTS

Petitioner shot Bernard Phoenix outside of a nightclub in Moncks Corner, South Carolina. Petitioner subsequently was indicted for assault and battery with intent to kill, possession of a firearm during the commission of a violent crime, armed robbery, and possession of crack cocaine. ECF No. 23-3, 252-60, 23-4. Petitioner maintained his innocence and proceeded to trial on April 12-14, 2010, before the Honorable R. Markley Dennis, Jr. Pertinent to the within § 2254 petition, the trial judge charged the jury regarding the offense of assault and battery with intent to kill:

> Let's look at the various charges now. First, I would like to discuss with you the charge of assault and battery with intent to kill. That's an interesting name. It says "assault and battery," and we'll define those for you, "with intent to kill." Intent to kill is not a required element of that charge notwithstanding its name. The State

> doesn't have to prove a specific intent to kill. So please remember that as you consider that charge.
>
> But the State has to prove beyond a reasonable doubt that the defendant committed an unlawful act of a violent nature to the person of another with malice aforethought. . . . Malice is hatred, ill will or hostility towards another person. It is the intentional doing of a wrongful act without any just cause or excuse and with the intent to inflict an injury or under circumstances that the law would infer an evil intent. . . . Inferred malice may be shown from conduct showing a total disregard for human life. Inferred malice may also arise when the deed is done with a deadly weapon.

ECF No. 23-1, 396-99.

Petitioner was convicted and sentenced to incarceration for a period of one year for possession of crack cocaine, five years for possession of a firearm during the commission of a violent crime, twenty-seven years consecutive for armed robbery, and twenty years for assault and battery with intent to kill, to be served concurrently with the sentence for armed robbery. ECF No. 23-1, 442-43.

The South Carolina Commission on Indigent Defense filed on behalf of Petitioner a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which the following sole question was raised:

> Did the trial judge commit reversible error, based on State v. Belcher,[1] when, in charging the jury on the law of assault and battery with intent to kill [AB1K], he instructed the jury that "inferred malice may also arise when the deed is done with a deadly weapon" when evidence was presented that would reduce the ABIK to assault and battery of a high and aggravated nature [ABHAN] and the judge instructed the jury on the law of the lesser included offense of ABHAN?

ECF No. 23-3, 245.

---

[3] In State v. Belcher, 685 S.E.2d 802 (S.C. 2009), the South Carolina Supreme Court ruled that use of a deadly weapon inferred malice instruction has no place in a murder or assault and battery with intent to kill prosecution where evidence is presented that would reduce, mitigate, excuse or justify the killing or the alleged assault and battery with intent to kill.

The South Carolina Court of Appeals dismissed the appeal by unpublished opinion filed March 7, 2012. ECF No. 23-7.

Petitioner next filed an application for post-conviction relief (PCR), as amended, in which he raised numerous grounds for relief. See ECF No. 1-3, 17-46; 66-67; 69-75. Included in his PCR application was a claim that trial counsel was ineffective for failing to object to the jury instruction on malice. The matter came before the Honorable Deadra L. Jefferson for a hearing on May 19, 2014. The PCR judge filed an order of dismissal on July 22, 2014. ECF No. 23-17. The PCR judge observed that, at the hearing, trial counsel testified that there was no evidence that would have reduced, mitigated, excused, or justified the assault and battery with intent to kill, or to support self-defense in this case. Id. at 13. The PCR judge determined that the malice instruction was proper and trial counsel had no basis to object to the instruction. Id. at 23. The PCR judge noted that, unlike the defendant in Belcher, Petitioner did not claim self-defense and no evidence was presented at trial that would reduce, mitigate, excuse, or justify Petitioner's shooting of the victim. Id. The PCR judge found the malice instruction was a correct statement of law since Petitioner maintained his innocence, presented no other defenses, and the only issue presented to the jury was whether Petitioner was in fact the assailant and committed the assault and battery with intent to kill. Id. Accordingly, the PCR judge found that trial counsel's failure to object to the malice jury instruction did not result in deficient performance and that trial counsel's performance did not affect the outcome of the trial. Id.

The South Carolina Commission on Indigent Defense filed a petition for writ of certiorari on Petitioner's behalf in which the following sole ground for relief was presented:

Did the PCR court err in failing to find trial counsel ineffective for not objecting to

3

the trial judge's jury charge on assault and battery with the intent to kill (ABWIK) when he instructed the jury that "inferred malice may also arise when the deed is done with a deadly weapon" which was error pursuant to State v. Belcher because evidence was presented which would reduce the ABWIK to assault and battery of a high and aggravated nature (ABHAN) as evidenced by the judge instructing the jury on ABHAN as a lesser-included offense?

ECF No. 23-3, 245. The supreme court denied the petition for writ of certiorari on October 12, 2015. ECF No. 23-14.

Petitioner timely filed his § 2254 petition on February 19, 2016. Petitioner raises the following grounds for relief, which, from the numerous exhibits attached to the § 2254 petition, appear to encompass all grounds raised to the PCR judge:

> GROUND ONE: Ineffective assistance of counsel, Petitioner was denied the effective assistance of counsel at trial. In violation of the 6th, 5th, and 14th amendment rights
>
> See Attach/ Exhibit (4), and Attachment/ Exhibit (5), pg (3)-(6) Allegations. Applicant was denied the right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the United States Constitution and by Art. l, 3, & 4 of the South Carolina Constitution during the guilt-or-innocence phase at his trial. The Supporting Facts are as follows: Trial counsel's performance during the guilt or innocence phase was both unreasonable and prejudicial. Counsel's acts or omissions included, but are not limited to the following: See Attach. (A-E),(2-3) of Amended Application
>
> GROUND TWO: Ineffective assistance of counsel, Petitioner was denied effective of counsel at trial in violation of 6th, 5th, & 14th Amendment rights
>
> See Attach. Exhibit (4) and Attach. Exh. (5) pg 3-6- Allegations. Applicant was denied the right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article l, 3, &14th of the South Carolina Constitution during the guilt or innocence phase of his trial. The Supporting Facts are as follows: Trial Counsel's performance during the guilt or innocence phase was both unreasonable and prejudicial. Counsel's acts or omissions included, but are not limited to the following: See Attach. (A-E), (2-3) of Amended Application
>
> GROUND THREE: Ineffective assistance of counsel, Petitioner was denied effective

assistance of counsel at trial in violation of his 6th, 5th, and 14th amendment rights.

See Attach/ Exhibit (4) and attach. Exhibit (5) pg. 3- 6 allegations. Applicant was denied the right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the United States Constitution and by Article 1, 3 & 14 of the South Carolina Constitution- During the guilt-or-innocence phase of his trial. The supporting facts are as follows: Trial counsel's performance during the guilt or innocence phase was both unreasonable and prejudicial. Counsel's acts or omissions included, but are not limited to the following: See Attach. (A-E), (2-3) of Amended Application

GROUND FOUR: Ineffective assistance of counsel, Petitioner was denied effective assistance of counsel at trial in violation of 6th, 5th, & 14th amendment rights

See Attach/ Exhibit (4) and Attach? Exhibit (5) pg 3- 6 allegations. Applicant was denied the right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the United States Constitution and by Art. 1, 3, &14 of The South Carolina Const. - during-the guilt-or- innocence, phase of his trial. The supporting facts as follows: Trial Counsel's performance during the guilt or innocence phase was both unreasonable and prejudicial. Counsels acts or omissions included, but are not limited to the following: See Attach./(A-E), (2-3) of Amended Application

ECF No. 1, 5-9 (errors in original).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation.

Respondent filed a return and motion for summary judgment on July 8, 2016. By order filed July 11, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. On July 18, 2016, Petitioner requested an extension of time to respond to the motion for summary judgment. The Magistrate Judge granted Petitioner's motion and advised Petitioner that his failure to file a response to the motion for summary judgment could result in the § 2254 petition being dismissed pursuant to Fed. R. Civ. P. 41. Petitioner filed no response to Respondent's

motion.

On September 19, 2016, the Magistrate Judge issued a Report and Recommendation in which he recommended that Petitioner's § 2254 petition be dismissed for failure to prosecute and/or failure to comply with court orders. In the alternative, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted. Petitioner filed no objection to the Report and Recommendation.

## II.  DISCUSSION

A.     Section 2254 Petitions Generally

A writ of habeas corpus shall not be granted for any claim that was adjudicated on the merits in a state court proceeding unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The limited scope of federal review of a state petitioner's habeas claims is grounded in fundamental notions of state sovereignty. Richardson v. Branker, 558 F.3d 128, 138 (4th Cir. 2012) (citing Harrington v. Richter, 562 U.S. 86, 103 (2011)). When a federal court adjudicates a habeas corpus petition brought by a state prisoner, that adjudication constitutes an intrusion on state sovereignty. Id. (citing Harrington, 562 U.S. at 103). A federal court's power to issue a writ is limited to exceptional circumstances, thereby helping to ensure that "'state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding.'" Id. (citing

Harrington, 562 U.S. at 103). The restrictive standard of review "'further[s] the principles of comity, finality, and federalism.'" Id. (citing Williams v. Taylor, 529 U.S. 362, 364 (2000)). "'The pivotal question is whether the state court's application of the [applicable federal legal] standard was unreasonable.'" Id. (quoting Harrington, 562 U.S. at 103). So long as fairminded jurists could disagree on the correctness of a state court's decision, a state court's adjudication that a habeas claim fails on its merits cannot be overturned by a federal court. Id. (citing Harrington, 562 U.S. at 102).

B.     Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner ordinarily must satisfy both parts of the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The petitioner first must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687–88. In making this determination, a court considering a habeas corpus petition "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. However, an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Id. at 691-92 (citing United States v. Morrison, 449 U.S. 361, 364–65 (1981)). "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692.

C.     Petitioner's Failure to Respond to Motion for Summary Judgment

As a general rule, when one party files a dispositive motion, the non-movant cannot merely

rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (citing sources). However, a verified complaint is the equivalent of an opposing affidavit, when the allegations contained therein are based on personal knowledge. Id. (citing cases); see Slappy v. Bazzle, C/A No. 0:05-0014-DCN-BM, 2005 WL 6139235, *1 n.3 (D.S.C. Nov. 21, 2005)(noting that, in the Fourth Circuit, "verified complaints or petitions filed by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge")(citing Williams, 952 F.2d at 823)); see also Jackson v. Palmetto Baptist Hosp., No. 3:05-1901-CMC-BM (D.S.C. 2005) (applying Williams to a motion to dismiss). Plaintiff has filed a verified petition, as evidenced by his signature made under penalty of perjury, in which he asserts allegations based on his personal knowledge. ECF No. 1, 17. Accordingly, the court declines to dismiss the § 2254 petition on this ground and turns to the Magistrate Judge's analysis of Respondent's motion for summary judgment.

D.     Motion for Summary Judgment

The Magistrate Judge found that all claims are procedurally barred except Petitioner's contention that trial counsel was ineffective for failing to object to an inference of malice charge given to the jury.[2] The Magistrate Judge determined that Petitioner's remaining grounds for relief are procedurally barred because, although Petitioner's remaining claims were raised to and ruled on during PCR proceedings, the claims were not raised in Petitioner's petition for writ of certiorari from the PCR judge's order. The Magistrate Judge noted that the PCR judge's decision regarding a

---

[2] Respondent and the Magistrate Judge referred to Petitioner's malice charge claims as Grounds One (a) and Two (a) and (s).

question of state law is binding in federal court, and that a presumption of correctness attaches to state court factual findings. The Magistrate Judge further determined that the PCR judge's findings were supported by the record. Accordingly, the Magistrate Judge found that the PCR judge's ruling regarding the malice charge was not contrary to, nor did it involve an unreasonable application of, clearly established federal law.

Because Petitioner filed no objections to the Report and Recommendation, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court has thoroughly reviewed the record and discerns no clear error in the Magistrate Judge's determination that trial counsel was not ineffective for failing to object to the malice charge. The court adopts the recommendation of the Magistrate Judge as to Respondent's motion for summary judgment. Accordingly, Respondent's motion for summary judgment (ECF No. 24) is **granted**. Petitioner's § 2254 petition is **denied and dismissed, with prejudice**.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84

(4th Cir. 2001).  The court concludes that Petitioner has not made the requisite showing.

    **IT IS SO ORDERED**.

                                      /s/ Margaret B. Seymour
                                      Senior United States District Judge

Columbia, South Carolina

November 3, 2016

### NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**